IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Noel Padilla**, | ) | FILED: APRIL 21, 2008 |
| | ) | 08CV2271         TC |
| Plaintiff, | ) | JUDGE GRADY |
| | ) Case No: | MAGISTRATE JUDGE VALDEZ |
| v. | ) | |
| | ) | Complaint for violation of |
| **Deputy Michael Sisco, Sgt. Christopher** | ) | Civil Rights |
| **Young, Officer Phillip Murillo, Officer** | ) | |
| **John Bailey, Officer Diallo Mingo,** | ) | |
| **Officer Johnny Krsanac, Officer Mark** | ) | |
| **Tellado, individually, and Cook County,** | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3.      At all relevant times, Plaintiff NOEL PADILLA ("Plaintiff") was an inmate at the Cook County Jail.

4.      At all times herein mentioned, Defendant Cook County Deputy MICHAEL SISCO ("Sisco") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of

1

the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

5. At all times herein mentioned, Defendant Cook County Deputy CHRISTOPHER YOUNG ("Young") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

6. At all times herein mentioned, Defendant Cook County Deputy PHILLIP MURILLO ("Murillo") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

7. At all times herein mentioned, Defendant Cook County Deputy JOHN BAILEY ("Bailey") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

8. At all times herein mentioned, Defendant Cook County Deputy DIALLO MINGO ("Mingo") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

9. At all times herein mentioned, Defendant Cook County Deputy JOHNNY KRASNAC ("Krasnac") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department.  This officer is being sued in his individual/personal capacity.

10. At all times herein mentioned, Defendant Cook County Deputy MARK TELLADO ("Tellado") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department.  This officer is being sued in his individual/personal capacity.

11. At all times herein mentioned, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County Sheriff's Department deputy acting within the scope of his/her employment is found liable.  Accordingly, COOK COUNTY is an indemnification party to Count IV of this Complaint.

## FACTUAL ALLEGATIONS

12. On or about August 29, 2006, Plaintiff was an inmate at the Cook County Department of Corrections, located at 2700 South California Avenue, Chicago, Illinois.

13. On or about August 29, 2006, the individual defendants were on duty at the Cook County Department of Corrections.

14. At that date and place the individual defendants punched and kicked Plaintiff in the face and about the body multiple times, causing injury to Plaintiff.

15. At all times relevant, no legal cause existed for the individual defendants to use any force on the Plaintiff.

16. At all times relevant, Plaintiff did not consent to being punched or kicked in the face and body.

17. Plaintiff is informed and believes and alleges thereon that the individual defendants were in the immediate vicinity of Plaintiff while he was being beaten, but failed to protect Plaintiff from the unconstitutional acts of the other individual defendants despite the reasonable ability to do so.

18. By reason of the aforementioned acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities. Plaintiff suffered great physical, mental, and emotional pain and suffering proximately caused by Defendants in an amount to be ascertained.

19. Plaintiff filed a grievance with Defendants and took all steps that he was permitted to take to follow through with the grievance.

20. Plaintiff was housed in the medical ward following his beating for roughly two days. Upon his release from the medical ward, and in retaliation for Plaintiff's grievance and to further cover up their own activities, Defendants and each of them caused Plaintiff to be placed in the "hole" where he was unlawfully deprived of privileges that he was otherwise entitled to.

21. Also upon being sent to the "hole" Plaintiff was deliberately deprived of his medications. These medications were required for Plaintiff's serious medical needs.

22. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's

rights, and they justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the aforementioned acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum of attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE AND FAILURE TO PROTECT

24. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

25. By reason of the individual defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Eighth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. The physical violence inflicted upon Plaintiff by the individual defendants was excessive, unnecessary, and unreasonable and the individual defendants failure to protect Plaintiff from excessive force, despite a reasonable ability to do so, was in violation of Plaintiff's Fourth, Eighth and/or Fourteenth Amendment Rights.

27. Therefore, the individual defendants are liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT II

**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

28.  Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

29.  Defendants knew of Plaintiff's needs for medication; yet, Defendants and each of them did not permit Plaintiff to take his medication and/or did not provide Plaintiff with reasonable medical care and treatment.

30.  Through their actions and omissions, Defendants knowingly, and in deliberate indifference to Plaintiff's rights, subjected Plaintiff to a violation of his due process rights and cruel and unusual punishment. These actions and omissions caused substantial harm to Plaintiff.

31.  By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

## COUNT III

**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATION OF DUE PROCESS RIGHTS**

32.  Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

33.  As alleged above, Defendants retaliated against Plaintiff for bringing his grievance resulting from Plaintiff being beaten. The retaliation consisted of *inter alia,*

being wrongfully placed in a disciplinary unit based upon false information as well as being deprived of medications.

34. Plaintiff was also placed in the disciplinary unit (the "hole") in an effort to deny Plaintiff access to the courts and to deprive him of his right to properly present his grievance, all in violation of Plaintiff's First Amendment rights.

35. Through their actions and inactions, Defendants and each of them deprived Plaintiff of his procedural and substantive due process rights, as well as right to access to the courts all in violation of Plaintiff's First and Fourteenth Amendments to the Constitution and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT IV

### PLAINTIFF AGAINTS COOK COUNTY FOR INDEMNIFICATION

36. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

37. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, including the individual defendants, acting within the scope of his/her employment is found liable.

38. The acts and/or omissions of Defendants and each of them were committed within the scope of their employment.

39. In the event that a judgment for compensatory damages is entered against Defendants and/or any of them, COOK COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, Plaintiff NOEL PADILLA, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against Defendants and each of them, on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That Defendants be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

Dated: April 21, 2008        By: /s/ Edward M. Fox
                                  Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF REQUESTS TRIAL BY JURY**

Dated:   April 21, 2008

By: /s/ Edward M. Fox
Edward M. Fox

ED FOX & ASSOCIATE
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877

9