## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Noel Padilla,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 2271 |
| v. ) | |
| ) | Judge Grady |
| **Deputy Michael Sisco, Sgt. Christopher** ) | |
| **Young, Officer Phillip Murillo, Officer** ) | Magistrate Judge Valdez |
| **John Bailey, Officer Diallo Mingo,** ) | |
| **Officer Johnny Krsanac, Officer Mark** ) | |
| **Tellado, individually, and Cook County,** ) | |
| ) | |
| Defendants. ) | |

## AGREED MOTION TO REASSIGN CASE NO. 08 C 2271 TO THE CALENDAR OF JUDGE BUCKLO

Plaintiff, NOEL PADILLA, by and through his attorneys ED FOX & ASSOCIATES, hereby moves this Court to reassign Case No. 08 C 2271 to the calendar of Judge Elaine Bucklo pursuant to Local Rule 40.4. In support of this motion, Plaintiff states:

1.     On July 27, 2007, Plaintiff filed a complaint, Case No. 07 C 4246. The complaint contains civil rights claims for Excessive Force, Failure to Protect, Deliberate Indifference to Serious Medical Needs, and Violation of Due Process. The complaint also contains state supplemental claims for Assault and Battery, Willful and Wanton Conduct, and Indemnification for Cook County. The complaint names Deputy Sisco, Unknown and Unnamed Cook County Deputies, and Cook County as defendants. This complaint is assigned to the calendar of Judge Elaine Bucklo and is attached as Exhibit A.

1

2.     On April 21, 2008, Plaintiff filed a second complaint, Case No. 08 C 2271. This complaint also contains civil rights claims for Excessive Force and Failure to Protect, Deliberate Indifference to Serious Medical Needs, and Violation of Due Process. It also contains an Indemnification claim for Cook County. The complaint names Deputy Sisco, Sgt Young, Officer Murillo, Officer Bailey, Officer Mingo, Officer Krsanac, Officer Tellado and Cook County as defendants. This complaint is assigned to the calendar of Judge Grady and is attached as Exhibit B.

3.     Local Rule 40.4(a) states, "[t]wo or more civil cases may be related if one or more of the following conditions are met:...(2) the cases involve some of same issues of fact or law; (3) the cases grow out of the same transaction or occurrence..."

The two cases filed by Plaintiff satisfy these conditions because both complaints arise out of an incident that occurred on April 29, 2006, in Cook County Jail and the events that followed. Both cases involve the same parties and the same issues of fact and law. In fact, the two complaints are identical except the second complaint names the Unknown Defendants in the first complaint and does not contain all of the state supplemental claims listed in the first complaint.

4.     Local Rule 40.4(b) goes on to state conditions for reassignment, "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely

2

to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

Plaintiff has met all of the requirements of 40.4(b). Both of the cases filed by Plaintiff are pending in the United States District Court Northern District of Illinois Eastern Division. Both cases involve the same issues of fact and law and grow out of the same transaction or occurrence. Therefore, the handling of both cases by Judge Bucklo would save judicial time and effort. Also, Plaintiff's first case is still in the discovery stage and designating the second case will not substantially delay the first case. Finally, since both cases contain the same issues of law and fact, they are susceptible of disposition in a single proceeding.

5.       Plaintiff's counsel spoke to Defendant's counsel, Michael A. Kuczwara, Jr. and Mr. Kuczwara stated that he did not object to Plaintiff filing this motion to reassign to the calendar of Judge Bucklo.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Reassign Case No. 08 C 2271 to the Calendar of Judge Elaine Bucklo.

Respectfully submitted,

By:     /s/____Leslie C. McCoy_____
Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, IL 60606
(312) 345-8877

# EXHIBIT A

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**RECEIVED**

**JUL 2 7 2007**

MICHAEL W. DOBBINS

**CLERK, U.S. DISTRICT COURT**

**(a) PLAINTIFFS**

NOEL PADILLA

**DEFENDANTS**

Deputy Sisco, Unknown and Unnamed Cook County Deputies, Cook County, and Cook County Sheriff Thomas Dart

**(b)** County of Residence of First Listed Plaintiff    Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorney's (If Known)

07C 4146

JUDGE BUCKLO

MAGISTRATE JUDGE MASON

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl. vet.) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Inj. | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Security/Commodity/Exch. |
| [ ] 195 Contract Product Liability | | | | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 ADA—Employment | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 ADA — Other | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | [X] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

42 U.S.C. Section 1983

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**IX. This case**

[X] is not a refiling of a previously dismissed action.

[ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE  7/27/07

SIGNATURE OF ATTORNEY OF RECORD

**RECEIVED**

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### ATTORNEY APPEARANCE FORM

JUL 2 7 2007

NOTE: In order to appear before this Court an attorney must either be a member in good
standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for
by Local Rules 83.12 through 83.14.

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

In the Matter of

Noel Padilla

v.

Deputy Sisco, Uknown and Unnamed Cook County Deputies,
Cook County, and Cook County Sheriff, Thomas Dart

Case Number:

# 07C  4246

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Plaintiff

JUDGE BUCKLO

MAGISTRATE JUDGE NOLAN

| NAME (Type or print) |
|---|
| Meghan A. Gonnissen |

| SIGNATURE (Use electronic signature if the appearance form is filed electronically) |
|---|
| s/ Meghan A. Gonnissen |

| FIRM |
|---|
| Ed Fox & Associates |

| STREET ADDRESS |
|---|
| 300 W. Adams Street, Suite 330 |

| CITY/STATE/ZIP |
|---|
| Chicago, Illinois 60606 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 6285874 | 312-345-8877 |

| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
|---|---|---|
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO ☑ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO ☑ |

| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS. |
|---|
| RETAINED COUNSEL ☐    APPOINTED COUNSEL ☐ |

RECEIVED

# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

JUL 2 7 2007

NOTE: In order to appear before this Court an attorney must either be a member in good
standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for
by Local Rules 83.12 through 83.14.

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| In the Matter of | Case Number: |
|---|---|

Noel Padilla

v.

Deputy Sisco, Uknown and Unnamed Cook County Deputies,
Cook County, and Cook County Sheriff, Thomas Dart

07C 4246

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Plaintiff

| NAME (Type or print) |
|---|
| Garrett W. Browne |

| SIGNATURE (Use electronic signature if the appearance form is filed electronically) |
|---|
| s/ |

| FIRM |
|---|
| Ed Fox & Associates |

| STREET ADDRESS |
|---|
| 300 W. Adams Street, Suite 330 |

| CITY/STATE/ZIP |
|---|
| Chicago, Illinois 60606 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 6242592 | 312-345-8877 |

| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
|---|---|---|

| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
|---|---|---|

| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☑ | NO ☐ |
|---|---|---|

| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☑ | NO ☐ |
|---|---|---|

| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS. |
|---|
| RETAINED COUNSEL ☐     APPOINTED COUNSEL ☐ |

# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

RECEIVED

JUL 27 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of

Noel Padilla

v.

Deputy Sisco, Uknown and Unnamed Cook County Deputies, Cook County, and Cook County Sheriff, Thomas Dart

Case Number:

# 07C 4246

JUDGE BUCKLO

MAGISTRATE JUDGE NOLAN

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Plaintiff

| | |
|---|---|
| **NAME (Type or print)**<br>Edward M. Fox | |
| **SIGNATURE (Use electronic signature if the appearance form is filed electronically)**<br>s/ | |
| **FIRM**<br>Ed Fox & Associates | |
| **STREET ADDRESS**<br>300 W. Adams Street, Suite 330 | |
| **CITY/STATE/ZIP**<br>Chicago, Illinois 60606 | |
| **ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS)**<br>6205330 | **TELEPHONE NUMBER**<br>312-345-8877 |
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ✓   NO ☐ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐   NO ✓ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ✓   NO ☐ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ✓   NO ☐ |
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.<br>RETAINED COUNSEL ☐    APPOINTED COUNSEL ☐ | |

RECEIVED

JUL 2 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NOEL PADILLA,                        )
                                     )
      Plaintiff,                    )
                                     )     Case No. **07C 4246**
v.                                   )
                                     )     Complaint for Violation of Civil
Deputy Sisco , Unknown               )     Rights; Supplemental State Claims
And Unnamed Cook County Deputies,    )
COOK COUNTY and Cook                 )     JURY DEMAND    JUDGE BUCKLO
County Sheriff, Thomas Dart,         )
                                     )                MAGISTRATE JUDGE NOLAN
      Defendants.                   )

## JURISDICTION AND VENUE

    1.    This action arises under the United States Constitution and the Civil

Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by

virtue of 28 U.S.C. Sections 1343 and 1331.

    2.    Venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as

the acts complained of arose in this district.

## PARTIES

    3.    At all relevant times, Plaintiff NOEL PADILLA was an inmate at the

Cook County Jail

    4.    At all times herein mentioned, Defendant Cook County Deputy SISCO,

("SISCO"), was employed by the Cook County Sheriff's Department, and was acting

under color of state law and as the employee, agent, or representative of the Cook County

Sheriff's Department. This officer is being sued in his individual/personal capacity.

    5.    At all times herein mentioned, Defendants UNKNOWN AND

UNNAMED Cook County Deputies, were employed by the Cook County Sheriff's

Department, and were acting under color of state law and as the employees, agents, or representatives of the Cook County Sheriff's Department. These officers are being sued in their individual/personal capacities. When their true names are ascertained Plaintiff will request leave of court to amend this complaint to reflect their true names.

6.    At all times herein mentioned, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County Sheriff's Department deputy acting within the scope of his/her employment is found liable. Accordingly, COOK COUNTY is an indemnification party to Count V of this Complaint.

7.    At all times herein mentioned COOK COUNTY SHERIFF, THOMAS DART ("DART"), was elected Sheriff of Cook County, and was responsible for the day to day operations of the Cook County Jail. Dart in his capacity as Cook County Sheriff existed as such under the laws of the State of Illinois, and the United States.

## FACTUAL ALLEGATIONS

8.    On or about August 29, 2006, Plaintiff was an inmate at the Cook County Department of Corrections, located at 2700 South California Avenue, Chicago, Illinois.

9.    On or about August 29, 2006, Defendant SISCO and UNKNOWN AND UNNAMED deputies were on duty at the Cook County Department of Corrections.

10.    At that date and place, Defendant SISCO and other UNKNOWN AND UNNAMED deputies punched Plaintiff in the face and about the body multiple times, causing injury to Plaintiff.

11.    At all times relevant, no legal cause existed for Defendants to use any force on the Plaintiff.

12.     At all times relevant, Plaintiff did not consent to being punched in the face.

13.     Plaintiff is informed and believes and alleges thereon that other UNKNOWN AND UNNAMED deputy Defendants were in the immediate vicinity of Plaintiff while he was being beaten, but failed to protect Plaintiff from the unconstitutional acts of Defendant SISCO and other UNKNOWN AND UNNAMED defendants despite the reasonable ability to do so.

14.     By reason of the aforementioned acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities.  Plaintiff suffered great physical, mental, and emotional pain and suffering proximately caused by Defendants in an amount to be ascertained.

15.     Plaintiff filed a grievance against the Defendants and took all steps that he was permitted to take to follow through with the grievance.

16.     Plaintiff was housed in the medical ward following his beating for roughly two days.  Upon his release from the medical ward, and in retaliation for Plaintiff's grievance and to further cover up their own activities, Defendants and each of them caused Plaintiff to be placed in the "hole" where he was unlawfully deprived of privileges that he was otherwise entitled to.

17.     Also upon being sent to the "hole" Plaintiff was deliberately deprived of his medications.   These medications were required for Plaintiff's serious medical needs.

18.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's

rights, and they justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19.    By reason of the aforementioned acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum of attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANTS SISCO AND UNKNOWN AND UNNAMED DEFENDANTS FOR EXCESSIVE FORCE

20.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through nineteen (19) heretofore as though fully set forth at this place.

21.    By reason of Defendant SISCO and the UNKNOWN and UNNAMED Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Eighth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

22.    The physical violence inflicted upon Plaintiff by Defendants was excessive, unnecessary, and unreasonable, and therefore was in violation of Plaintiff's Fourth, Eighth and/or Fourteenth Amendment Rights.

23.    Therefore, Defendants SISCO and UNKNOWN and UNNAMED Defendants are liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT II

### PLAINTIFF AGAINST UNKNOWN AND UNNAMED DEFENDANTS FOR FAILURE TO PROTECT

24.    Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through nineteen (19) heretofore as though fully set forth at this place.

25.    By reason of the UNKNOWN and UNNAMED Defendants failure to protect Plaintiff from excessive force, despite a reasonable ability to do so, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26.    Therefore, Defendants UNKNOWN and UNNAMED Defendants are liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT III.

### PLAINTIFF AGAINST DEFENDANTS SISCO AND UNKNOWN AND UNNAMED DEFENDANTS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

27.    Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through nineteen (19) heretofore as though fully set forth at this place.

28.    Defendants SISCO and UNKNOWN and UNNNAMED Defendants knew of Plaintiff's needs for medication; yet, Defendants and each of them did not permit Plaintiff to take his medication and/or did not provide Plaintiff with reasonable medical care and treatment.

29.    Through their actions and omissions, Defendants knowingly, and in deliberate indifference to Plaintiff's rights, subjected Plaintiff to a violation of his due

process rights and cruel and unusual punishment. These actions and omissions caused substantial harm to Plaintiff.

30.    By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

## COUNT IV

### PLAINTIFF AGAINST SISCO AND UNKNOWN AND UNNAMED DEFENDANTS FOR VIOLATION OF DUE PROCESS RIGHTS

31.    Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through nineteen (19) heretofore as though fully set forth at this place.

32.    As alleged above, Defendants retaliated against Plaintiff for bringing his grievance resulting from Plaintiff being beaten. The retaliation consisted of *inter alia,* being wrongfully placed in a disciplinary unit based upon false information as well as being deprived of medications.

33.    Plaintiff was also placed in the disciplinary unit (the "hole") in an effort to deny Plaintiff access to the courts and to deprive him of his right to properly present his grievance, all in violation of Plaintiff's First Amendment rights.

34.    Through their actions and inactions, Defendants and each of them deprived Plaintiff of his procedural and substantive due process rights, as well as right to access to the courts all in violation of Plaintiff's First and Fourteenth Amendments to the Constitution and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

## COUNT V

### Plaintiff Against COOK COUNTY for INDEMNIFICATION

35    Plaintiff hereby incorporates and realleges Paragraphs one (1) through nineteen (19) heretofore as though fully set forth at this place.

36.    Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, including Defendants SISCO and UNKNOWN and UNNAMED Defendants, acting within the scope of his/her employment is found liable.

37.    The acts and/or omissions of Defendants and each of them were committed within the scope of their employment.

38.    In the event that a judgment for compensatory damages is entered against Defendants and/or any of them, COOK COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT VI

### PLAINTIFF AGAINST DART, SISCO AND UNKNOWN AND UNNAMED DEFENDANTS FOR THE SUPPLEMENTAL STATE LAW CLAIM OF ASSAULT AND BATTERY, AND WILFULL AND WANTON CONDUCT

39.    Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully alleged at this place.

40.    On August 29, 2006 the defendants owed a duty of care to Plaintiff to exercise reasonable care in their interaction with plaintiff.

41.    In disregard of this duty, the Defendants acted intentionally, and willfully and wantonly wrong in doing the following:

      a)    assaulting plaintiff;

      b)    battering plaintiff;

      c)    causing the emotional distress of plaintiff; and

      d)    DART, pursuant to the principle of *respondiat superior*, is responsible for the wrongful conduct of its deputies as alleged above.

42.    All of the above was done without legal cause.

43.    As a result of the foregoing plaintiff was injured as set forth above.


WHEREFORE, Plaintiff NOEL PADILLA, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against Defendants and each of them, on all claims:

1.    That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2.    That Defendants be required to pay Plaintiff special damages;

3.    That Defendants except DART, be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4.    That Defendants, except DART, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5.    That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6.    That Plaintiff has such other and further relief as this Court may deem just

and proper.

Dated:   July 27, 2007

By: _____
Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877

## PLAINTIFF REQUESTS TRIAL BY JURY

Dated:   July 27, 2007

By: _____
Edward M. Fox

ED FOX & ASSOCIATE
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Noel Padilla,** | ) | FILED: APRIL 21, 2008 |
| | ) | 08CV2271          TC |
| Plaintiff, | ) | JUDGE GRADY |
| | ) | Case No: MAGISTRATE JUDGE VALDEZ |
| v. | ) | |
| | ) | Complaint for violation of |
| **Deputy Michael Sisco, Sgt. Christopher** | ) | Civil Rights |
| **Young, Officer Phillip Murillo, Officer** | ) | |
| **John Bailey, Officer Diallo Mingo,** | ) | |
| **Officer Johnny Krsanac, Officer Mark** | ) | |
| **Tellado, individually, and Cook County,** | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil

Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by

virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as

the acts complained of arose in this district.

## PARTIES

3.      At all relevant times, Plaintiff NOEL PADILLA ("Plaintiff") was an

inmate at the Cook County Jail.

4.      At all times herein mentioned, Defendant Cook County Deputy

MICHAEL SISCO ("Sisco") was employed by the Cook County Sheriff's Department,

and was acting under color of state law and as the employee, agent, or representative of

1

the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

5.     At all times herein mentioned, Defendant Cook County Deputy CHRISTOPHER YOUNG ("Young") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

6.     At all times herein mentioned, Defendant Cook County Deputy PHILLIP MURILLO ("Murillo") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

7.     At all times herein mentioned, Defendant Cook County Deputy JOHN BAILEY ("Bailey") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

8.     At all times herein mentioned, Defendant Cook County Deputy DIALLO MINGO ("Mingo") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

2

9.     At all times herein mentioned, Defendant Cook County Deputy JOHNNY KRASNAC ("Krasnac") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

10.    At all times herein mentioned, Defendant Cook County Deputy MARK TELLADO ("Tellado") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

11.    At all times herein mentioned, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County Sheriff's Department deputy acting within the scope of his/her employment is found liable. Accordingly, COOK COUNTY is an indemnification party to Count IV of this Complaint.

## FACTUAL ALLEGATIONS

12.    On or about August 29, 2006, Plaintiff was an inmate at the Cook County Department of Corrections, located at 2700 South California Avenue, Chicago, Illinois.

13.    On or about August 29, 2006, the individual defendants were on duty at the Cook County Department of Corrections.

14.    At that date and place the individual defendants punched and kicked Plaintiff in the face and about the body multiple times, causing injury to Plaintiff.

3

15.     At all times relevant, no legal cause existed for the individual defendants to use any force on the Plaintiff.

16.     At all times relevant, Plaintiff did not consent to being punched or kicked in the face and body.

17.     Plaintiff is informed and believes and alleges thereon that the individual defendants were in the immediate vicinity of Plaintiff while he was being beaten, but failed to protect Plaintiff from the unconstitutional acts of the other individual defendants despite the reasonable ability to do so.

18.     By reason of the aforementioned acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities. Plaintiff suffered great physical, mental, and emotional pain and suffering proximately caused by Defendants in an amount to be ascertained.

19.     Plaintiff filed a grievance with Defendants and took all steps that he was permitted to take to follow through with the grievance.

20.     Plaintiff was housed in the medical ward following his beating for roughly two days. Upon his release from the medical ward, and in retaliation for Plaintiff's grievance and to further cover up their own activities, Defendants and each of them caused Plaintiff to be placed in the "hole" where he was unlawfully deprived of privileges that he was otherwise entitled to.

21.     Also upon being sent to the "hole" Plaintiff was deliberately deprived of his medications. These medications were required for Plaintiff's serious medical needs.

22.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's

4

rights, and they justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23.     By reason of the aforementioned acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum of attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I

### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE AND FAILURE TO PROTECT

24.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

25.     By reason of the individual defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Eighth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26.     The physical violence inflicted upon Plaintiff by the individual defendants was excessive, unnecessary, and unreasonable and the individual defendants failure to protect Plaintiff from excessive force, despite a reasonable ability to do so, was in violation of Plaintiff's Fourth, Eighth and/or Fourteenth Amendment Rights.

27.     Therefore, the individual defendants are liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

5

## COUNT II

### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

28.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

29.     Defendants knew of Plaintiff's needs for medication; yet, Defendants and each of them did not permit Plaintiff to take his medication and/or did not provide Plaintiff with reasonable medical care and treatment.

30.     Through their actions and omissions, Defendants knowingly, and in deliberate indifference to Plaintiff's rights, subjected Plaintiff to a violation of his due process rights and cruel and unusual punishment.  These actions and omissions caused substantial harm to Plaintiff.

31.     By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

## COUNT III

### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATION OF DUE PROCESS RIGHTS

32.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

33.     As alleged above, Defendants retaliated against Plaintiff for bringing his grievance resulting from Plaintiff being beaten.  The retaliation consisted of *inter alia,*

being wrongfully placed in a disciplinary unit based upon false information as well as being deprived of medications.

34.     Plaintiff was also placed in the disciplinary unit (the "hole") in an effort to deny Plaintiff access to the courts and to deprive him of his right to properly present his grievance, all in violation of Plaintiff's First Amendment rights.

35.     Through their actions and inactions, Defendants and each of them deprived Plaintiff of his procedural and substantive due process rights, as well as right to access to the courts all in violation of Plaintiff's First and Fourteenth Amendments to the Constitution and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT IV

### PLAINTIFF AGAINTS COOK COUNTY FOR INDEMNIFICATION

36.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) heretofore as though fully set forth at this place.

37.     Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, including the individual defendants, acting within the scope of his/her employment is found liable.

38.     The acts and/or omissions of Defendants and each of them were committed within the scope of their employment.

7

39.     In the event that a judgment for compensatory damages is entered against Defendants and/or any of them, COOK COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, Plaintiff NOEL PADILLA, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against Defendants and each of them, on all claims:

1.     That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2.     That Defendants be required to pay Plaintiff special damages;

3.     That Defendants be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4.     That Defendants be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5.     That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6.     That Plaintiff has such other and further relief as this Court may deem just and proper.

Dated:   April 21, 2008                              By: /s/ Edward M. Fox
                                                              Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877

8

**PLAINTIFF REQUESTS TRIAL BY JURY**


Dated:   April 21, 2008

By: /s/  Edward M. Fox ____  _____
          Edward M. Fox

ED FOX & ASSOCIATE
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877